# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

WILLIAM HILL,      :
  Plaintiff,      :
           :
v.          :   No. 3:21-cv-239 (SRU)
           :
ROLLIN COOK, et al.,    :
  Defendants.     :

## RULING AND ORDER

The plaintiff, William Hill, is an inmate incarcerated at Cheshire Correctional Institution. Hill has filed a civil rights action against former Commissioner Rollin Cook, Warden Allison Black, and George Bozzi, DDS, in their official and individual capacities.  *See* Compl., Doc. No. 1.  I recently denied without prejudice Hill's motion for leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915.  *See* Order, Doc. No. 7.  Hill has filed a motion for reconsideration of that order.  *See* Mot. for Reconsideration, Doc. No. 8.

"The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (cleaned up).  The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at

the apple." *Id.* (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)) (cleaned up).

The decision whether to permit a litigant to proceed IFP in a civil case is committed to the sound discretion of the district court. *See Brooks v. Aiden 0821 Capital LLC*, 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020); *Rahimi v. Sec. of Navy*, 2019 WL 6529458, at *2 (D. Conn. Dec. 4, 2019); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002). A litigant need not be absolutely destitute to qualify for *in forma pauperis* status. A relevant consideration is whether the burden of paying the fees for filing and service would hamper the plaintiff's ability to obtain the necessities of life or force him to abandon the action. *See Vann v. Comm'r of N.Y. City Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012); *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

In his motion for reconsideration, Hill does not argue that I made any error, but rather attempts to explain why he cannot now pay this Court's filing fee. As background, on the same day that he filed this case (February 25, 2021), Hill filed a motion to proceed IFP, which was supported by a prisoner trust account statement. That prisoner trust account statement reflected that, as of February 22, the account had a balance of $1,004.61. *See* Prisoner Trust Account, Doc. No. 3. On January 26, the account had a balance of $1,559.77. *See id.* Hill's motion to proceed IFP also indicated that in the previous 12 months, Hill had received $180 in gifts and $1,800 pursuant to the CARES Act. *See* Mot. to Proceed IFP, Doc. No. 2, at 2. Hill also stated that he does not have an obligation to support any dependents. *See id.* at 3.

Hill now represents that he does not have sufficient funds to pay the $402.00 civil case filing fee because his "account balance became near depleted" between when he filed this case

2

(February 25) and when I denied his motion to proceed IFP (March 12).  Mot. for Reconsideration, Doc. No. 8, at 1.  Hill says that he would "never have spent all the money had he known there was a chance the motion [to proceed IFP] could be denied."  *Id.* at 2.  Hill claims that he "will not be able to get that type of amount of money together again" and that the CARES Act Economic Impact Payment was a one-time event.  *Id.*

"All litigants must make decisions about how to spend their money when they are contemplating litigation."  *Brown v. Ruiz*, 2020 WL 6395480, at *1 (D. Conn. Nov. 2, 2020).  "If every inmate were permitted to simply spend funds in the canteen to avoid paying a filing fee, the *in forma pauperis* review would be a waste of judicial time and effort."  *Briand v. State of Fla.*, 2006 WL 1890189, at *1 (N.D. Fla. July 10, 2006); *see also Martin v. United States*, 317 F. App'x 869, 870–71 (11th Cir. 2008) (affirming denial of *in forma pauperis* application where district court found that prisoner had received $1,818 in deposits in the preceding six months but "chose to spend those funds on matters other than this litigation"); *Lumbert v. Illinois Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) ("If the inmate thinks that a more worthwhile use of his funds would be to buy peanuts and candy . . . than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor.").

Thus, Hill's spending down his account after he filed this action does not entitle him to proceed IFP.  Moreover, if Hill received an economic stimulus payment under the CARES Act, he will likely receive, or has possibly already received, a payment under the American Rescue Plan Act of 2021, which would enable him to pay the Court's filing fee.

Accordingly, Hill has not identified any reason to alter my prior conclusion that paying this case's $402.00 filing fee would force Hill to forgo life's necessities.  Thus, Hill's motion for reconsideration, doc. no. 8, is **denied**.

All further proceedings in this matter shall be held in abeyance for twenty (20) days pending the plaintiff's delivery of the filing fee in the amount of $402.00 (money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Boulevard, Bridgeport, CT 06604.  Failure to tender the filing fee within twenty (20) days of the date of this order will result in the dismissal of this action.

SO ORDERED at Bridgeport, Connecticut this 29th day of March 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

4